UNITED STATES DISTRICT COURT
CENTRAL DISTIRCT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, By and Through Its Board of Trustees; and<br><br>CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees; and<br><br>CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, By and Through Its Board of Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>CEILING TILE SERICES, INC.,<br><br>Defendant. | Cause No.   18-3297 |

## COMPLAINT

COME NOW Plaintiffs, Central Illinois Carpenters Health and Welfare Fund, By and Through Its Board of Trustees; Carpenters Pension Fund of Illinois, By and Through Its Board of Trustees; Carpenters Retirement Savings Fund of Illinois, By and Through Its Board of Trustees, by undersigned Counsel, and state as follows for their Complaint against Defendant, Ceiling Tile Services, Inc.:

## COUNT I

### Parties

1.  Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §

1002(1), (3), 1132 and 1145. Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. The address and place of administration of Welfare Fund is 200 South Madigan Drive, Lincoln, Illinois 62656.

3. Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. Pension Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4. Plaintiff Carpenters Retirement Savings Fund of Illinois (hereinafter "Retirement Savings Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. Retirement Savings Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

5. The address and place of administration of Pension Fund and Retirement Savings Fund is 28 North First Street, Suite 1, Geneva, Illinois 60134.

6. Together, Welfare Fund, Pension Fund, and Retirement Savings Fund shall be referred to as the "Plaintiff Funds."

7. Defendant Ceiling Tile Services, Inc. ("Defendant," or "Ceiling Tile Services") is a Missouri Corporation maintaining its principal place of business at 2364 N. Lindbergh Blvd., St. Louis, MO 63114.

8. Defendant is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

### Jurisdiction and Venue

9. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145 and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

10. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a).

11. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

### Facts Common To All Counts

1. At all times relevant to this Complaint, Defendant has been signatory a Recognition Agreement ("Recognition Agreement") with the Mid-Central Illinois Regional Council of Carpenters, or its successor, the Chicago Regional Council of Carpenters, Southern Region ("Regional Council"). A true, accurate and correct copy of the Recognition Agreement signed on behalf of Defendant on or about March 14, 2006 is attached hereto as "**Exhibit 1.**"

2. At all times relevant to this Complaint, Defendant has been signatory a Participation Agreement with Plaintiff Funds. A true, accurate and correct copy of the Participation Agreement is attached hereto as "**Exhibit 2.**"

3. Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to certain collectively-bargained funds, or separate labor-management cooperatives, or labor union(s), and to which Defendant agreed to make contributions on behalf of certain of its employees pursuant to the terms of the Collective Bargaining Agreement(s) ("CBA's") to which Defendant agreed to be bound by virtue of the Participation Agreement and/or Recognition Agreement.

4. Defendant employs, or has employed, individuals who are members of, and represented by, the Regional Council and its constituent local labor organizations and said individuals are participants in the employee benefit funds administered by Welfare Fund, Pension Fund, and Retirement Savings Fund pursuant to the CBA's and/or certain Declarations of Trust establishing the Plaintiff Funds.

5. Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, Defendant is required to make contributions to the Plaintiff Funds in accordance with the terms and conditions of the CBA's and the Declarations of Trust establishing the Plaintiff Funds.

6. The CBA's and Declarations of Trust require Defendant to pay monetary contributions to the Plaintiff Funds at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the CBA.

7. Pursuant to the CBA's and Declarations of Trust, Defendant is required to report hours worked by its employees and make prompt payment of the contributions required under the Collective Bargaining Agreement and/or other applicable labor agreements.

8. Pursuant to the CBA's, Defendant is further required to deduct certain amounts from the gross pay of its employee for dues, and to pay other "check-off" amounts to Welfare Fund on behalf of the union(s) and fund(s) which have duly authorized Welfare Fund to act as collection agent.

9. Defendant has reported and paid contributions to Plaintiff Funds pursuant to the Participation Agreement, which by its terms incorporates all applicable Trust Agreements and Plaintiff Funds' rules and regulations, as recently as 2018.

10. The CBA's and/or Declarations of Trust adopted by the Trustees of the Plaintiff Funds and to which Defendant is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Plaintiff Funds for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

11. The CBA's and Declarations of Trust to which Defendant agreed to be bound authorize the Plaintiff Funds' Trustees to conduct audits of signatory employers, such as Defendant, in order to determine such employers' compliance with fringe benefit reporting and payment obligations.

12. Audits are further within the scope of "equitable relief" available in an action pursuant to ERISA within the meaning of ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

13. In 2018, Plaintiff Funds determined to audit Defendant for the period of January 1, 2014 to current.

14. An audit was scheduled for June 12, 2018.

15. On June 12, 2018, Defendant failed to produce all required for an audit to take place.

16.  Defendant has failed and refused to reschedule an audit, or to produce records, despite demand.

17.  Inasmuch as Defendant has failed and refused to cooperate with an audit, Plaintiffs have no adequate remedy at law, and are suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless Defendant is ordered to submit to an audit.

18.  Plaintiffs are further entitled to an award of the contributions determined to be due, along with Liquidated Damages, interest, attorneys' fees and costs.

19.  As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

    a.  Enter Judgment for Plaintiffs and against Defendant Ceiling Tile Services, Inc.;

    b.  Enter Orders for temporary, preliminary and permanent injunctive relief that Defendant Ceiling Tile Services, Inc. submit to an audit, at Defendant's cost;

    c.  Enter an Order awarding Plaintiffs any and all contributions determined to be due by audit;

    d.  Enter an Order awarding Plaintiffs Liquidated Damages;

    e.  Enter an Order awarding Plaintiffs appropriate pre-judgment interest;

    f.  Enter an Order awarding Plaintiffs their attorneys' fees and costs;

    g.  Enter an Order awarding Plaintiffs appropriate post-judgment interest;

    h.  Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

 /s/ James R. Kimmey
JAMES R. KIMMEY, No. 51148MO
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 – Telephone
(618) 692-5254 – Facsimile
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs